IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GENE C. BENCKINI : CIVIL ACTION
:
v. : No. 11-1856
:
PENNSYLVANIA STATE POLICE :
BUREAU OF FORENSIC SERVICES, et al. :

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                               June 3, 2011

       Defendants Stephen Bedor, Kelly Lentz, and the Pennsylvania State Police Bureau of Forensic Services (the Bureau) ask this Court to dismiss pro se Plaintiff Gene C. Benckini's Complaint, arguing Benckini has failed to state a claim upon which relief can be granted and his claims are otherwise barred. For the following reasons, this Court will grant Defendants' motion.

**FACTS**[1]

      On September 1, 2005, Benckini was arrested and charged with five counts of forgery, in violation of 18 Pa. C.S. § 4101, two counts of impersonating a public servant, in violation of 18 Pa. C.S. § 4912, and one count of tampering with public records, in violation of 18 Pa. C.S. § 4911. On December 15, 2006, following a jury trial, Benckini was convicted of two counts of forgery and two counts of impersonating a public servant. The Superior Court of Pennsylvania affirmed Benckini's conviction without opinion on April 23, 2008. *Commonwealth v. Benckini*, 953 A.2d 822 (Pa. Super. Ct. 2008). The Pennsylvania Supreme Court also affirmed on January 7, 2009. *Commonwealth v. Benckini*, 963 A.2d 466 (Pa. 2009).

---

[1] In reviewing a motion to dismiss, this Court accepts as true a complaint's factual allegations and all reasonable inferences that can be drawn therefrom. Allegations that are no more than conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Benckini was charged with these offenses following an investigation conducted by the Lehigh County District Attorney's Office. As part of this investigation, the Bureau examined certain pieces of evidence, including multiple documents, a typewriter confiscated from Benckini, and handwriting samples from Benckini and others. The Bureau presented the results of its examination in a report to Lehigh County law enforcement officers and, based on this report, Benckini was arrested and criminally charged.

Benckini filed the instant action on March 14, 2011, alleging, inter alia, that his Fourth and Fourteenth Amendment rights were violated because the Bureau's report was based on fraudulent or false analyses of the evidence prepared with the intent to wrongfully incriminate Benckini for the charged crimes. He further alleges the Defendants are liable to him for negligence. He seeks a new trial and $1.7 million in punitive and compensatory damages.

**DISCUSSION**

To meet the pleading requirements of Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Factual allegations in a complaint "must be enough to raise a right to relief above the speculative level." *Id.* To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1940 (internal quotation marks omitted).

This Court has an obligation to liberally construe a pro se civil rights complaint,[2] and will

---

[2] Although Benckini proceeds pro se in the instant action, his frequent pro se litigation in this district suggests he is not unfamiliar with civil litigation. *See Benckini v. Coopersburg Police Dep't*, No. 03-3671 (E.D. Pa. filed Jun. 16, 2003) (summary judgment entered in defendant's favor); *Benckini*

apply the relevant law, "irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999). Although Benckini does not mention the Civil Rights Act, his Complaint is best construed as bringing claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution.³

Defendants ask this Court to dismiss Benckini's Complaint, arguing his claims are (1) untimely, (2) not cognizable under *Heck v. Humphrey*, 512 U.S. 477 (1994), and (3) barred by the Eleventh Amendment and the doctrine of sovereign immunity.

First, Defendants argue Benckini's false arrest claim should be dismissed as untimely, because it was not filed within the applicable statute of limitation. In Pennsylvania, the statute of limitations for false arrest is two years. 42 Pa. C.S. § 5524(1); *see also Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003) (explaining statutes of limitation for § 1983 claims are governed by the law of the state in which the cause of action accrued). The two-year statute of limitations for false arrest begins to run "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). Benckini was arrested and charged on September 1, 2005; thus, the statute of limitations for his false arrest claim expired on September 1, 2007. Because Benckini's false arrest claim is untimely, it is dismissed.

---

*v. Keystone Farm Credit*, No. 03-5864 (E.D. Pa. filed Oct. 23, 2003) (transferred); *Benckini v. Upper Saucon Twp.*, No. 04-4304, Mem. at 13 (E.D. Pa. Oct. 17, 2005), ECF No. 54 (granting summary judgment after finding that "Benckini has failed to present even a scintilla of evidence in support of his claims"); *Benckini v. Ford*, No. 05-1417 (E.D. Pa. filed Mar. 3, 2005) (dismissed); *Benckini v. Borough of Coopersburg*, No. 05-5122 (E.D. Pa. filed Sept. 27, 2005) (summary judgment granted in defendant's favor); *Benckini v. Upper Saucon Twp.*, No. 07-3580 (E.D. Pa. filed Aug. 28, 2007) (summary judgment entered in defendant's favor).

³ Benckini's allegations may be further construed to include a negligence claim, but this Court need not consider his state law claim for purposes of the instant motion to dismiss.

Defendants next assert Benckini's malicious prosecution claim should be dismissed because it is barred by *Heck* insofar as the underlying criminal proceedings have not terminated in his favor. "[A] cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Heck*, 512 U.S. at 48. Therefore Benckini's § 1983 malicious prosecution claim is not cognizable "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.*; *see also Kossler v. Cristiani*, 564 F.3d 181, 187 (3d Cir. 2009) (explaining "a malicious prosecution claim cannot be predicated on an underlying criminal proceeding which terminated in a manner not indicative of the innocence of the accused"). Here, Benckini has not claimed his conviction was reversed, expunged, or invalidated, nor has he been granted a writ of habeas corpus. Rather, his conviction was affirmed by both the Pennsylvania Superior Court and Supreme Court, which is fatal to his claim. Because Benckini's malicious prosecution claim is barred by *Heck*, it will also be dismissed.

As Benckini's two § 1983 claims are subject to dismissal on other grounds, this Court need not address Defendants' remaining arguments regarding sovereign immunity and the Eleventh Amendment. This Court also declines to exercise supplemental jurisdiction over Benckini's state law negligence claim. Benckini's Complaint will be dismissed with prejudice.[4] An appropriate order follows.

---

[4] Although courts generally grant civil rights complainants leave to amend their complaints, such leave need not be given when amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110-111 (3d Cir. 2002). Because Benckini's claims are time-barred and *Heck*-barred, amendment of his Complaint would be futile.